IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:10-cr-00280-DCN-1 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RODNEY PALMER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to withdraw his guilty plea. For the reasons set forth below, the court denies defendant's motion.

## I. BACKGROUND

Defendant Rodney Palmer ("Palmer") was indicted on March 10, 2010. The Grand Jury returned a three-count Superseding Indictment on May 11, 2011. Palmer entered a not guilty plea on May 24, 2011. The court held a plea hearing on July 21, 2011, during which Palmer withdrew his plea of not guilty and the court accepted his guilty plea to Count Three of the Superseding Indictment. Count Three charged Palmer and co-defendant Daniel Williams ("Williams") with having knowingly used and carried a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count Three further charged Palmer and Williams with aiding and abetting each other in the commission of this offense, during which Palmer allegedly discharged the firearm, in violation of 18 U.S.C. § 2.

On November 3, 2011, Palmer filed the instant motion to withdraw his guilty plea. On November 22, 2011, the court held a hearing on Palmer's motion, during which

1

the court took Palmer's motion under advisement. On January 20, 2012, the government filed a response in opposition to Palmer's motion to withdraw his guilty plea.

## II. STANDARD

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). "[A] 'fair and just' reason for withdrawing a plea is one that essentially challenges . . . the fairness of the Rule 11 proceeding wherein the defendant tendered, and the court accepted, the plea . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). There is no absolute right to withdraw a guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

Courts in this Circuit look to six factors (the "Moore" factors) to determine whether a defendant may withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Sparks, 67 F.3d 1145, 1150 (4th Cir. 1995) (quoting United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). Although all of these factors are given weight, the key in determining whether a motion to withdraw should be granted is whether the plea hearing was properly conducted under Federal Rule of

Criminal Procedure 11.  See United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003).

### III.   DISCUSSION

Palmer argues that withdrawal of his guilty plea is warranted because he was "coerced" into entering the plea agreement and because he received additional evidence that would prove his innocence.  See Def.'s Mot. 1.  At sentencing, Palmer stated that his attorney had previously called Palmer's mother to tell her that if Palmer did not enter a guilty plea, he would "receive a life sentence" and "probably die in jail."  Moreover, Palmer noted that he had recently received a letter from his co-defendant, which stated that Palmer did not conspire to commit a crime with his co-defendant and that the co-defendant was willing to testify as such for Palmer.

Applying the Moore factors, the court, first and foremost, finds that the plea hearing was properly conducted pursuant to Rule 11.  Palmer entered a knowing and voluntary plea before this court on July 21, 2011.  Palmer has not alleged any defect in his Rule 11 proceeding other than "coercion" by his attorney.  It is not coercion for an attorney to advise a client of the true consequences of accepting a plea agreement versus proceeding to trial.  Palmer's attorney told Palmer that he would receive a life sentence if he did not accept the plea agreement.  This was the truth; a guilty verdict at Palmer's trial would have led to a mandatory life sentence without the possibility of parole.  In fact, a failure to advise Palmer of the risks of foregoing a guilty plea and taking his chances at trial could be grounds for a finding of ineffective assistance of counsel.  See, e.g.,

3

United States v. Washington, 619 F.3d 1252, 1259 (10th Cir. 2010) ("Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty."); Jones v. Murray, 947 F.2d 1106, 1110-11 (4th Cir. 1991) (an attorney's failure to adequately communicate a plea offer may be ineffective assistance). At a prior hearing, the court itself specifically advised Palmer that he would receive a life sentence if he were convicted by a jury. Palmer acknowledged this advice during the hearing on this motion. Palmer's conclusory claims that he was pressured into pleading guilty are not sufficient to overcome his sworn statements that he was not coerced.[1]

Second, Palmer has not made a credible assertion of legal innocence. In order to satisfy the second Moore factor, Palmer "must do more than just demonstrate that [he] had a bona fide belief that [his] actions were lawful." Sparks, 67 F.3d at 1153. Palmer points to a letter written by his co-defendant and half-brother as evidence of his legal innocence. This letter avers that Palmer and his co-defendant did not conspire to commit armed robbery or any other crime. However, Palmer's co-defendant has pled guilty to attempted armed robbery, and would be required to testify as such during Palmer's trial. Further, even if this letter were credible, its contents do not absolve Palmer from guilt for the crime he actually pled guilty to, which was knowingly using and carrying a firearm during and in relation to a drug trafficking crime and a crime of violence.

---

[1] During the plea colloquy, the court asked Palmer, "Has anyone threatened you or [threatened] anyone else or forced you in any way to plead guilty here today?", to which Palmer responded, "No, sir."

Third, there was some delay between the entry of Palmer's plea and his motion to withdraw. Palmer pled guilty on July 21, 2011. The court received a letter from Palmer dated August 23, 2011, which indicated that Palmer wished to withdraw his plea. The court received a second latter to the same effect dated November 1, 2011, and his motion to withdraw was filed on November 3, 2011.

Fourth, Palmer had close assistance of competent counsel. A defendant can demonstrate the absence of close assistance of counsel under Moore only by showing that his "counsel's performance fell below an objective standard of reasonableness," and that "there was a reasonably probability that, but for counsel's errors, he would not have pleaded guilty." Ubakanma, 215 F.3d at 421. Palmer has failed to make this showing; instead, Palmer admitted he was satisfied with his counsel's performance during his plea hearing. Palmer has been represented by three well-respected criminal defense attorneys with decades of experience before this court.

Fifth, prejudice to the government is only considered after a defendant has shown sufficient grounds for withdrawal. See United States v. Pitino, 887 F.2d 42, 49 (4th Cir. 1989). The court finds that no such showing has been made. Sixth and finally, a change of plea at this stage would inconvenience the court and waste judicial resources, as the court has already conducted a valid plea hearing.

In closing, Palmer has not shown a "fair and just reason" for withdrawing his guilty plea. The court additionally notes that, along with Palmer's counsel and the government, it is simply trying to keep Palmer from spending the rest of his young life in jail.

# IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion to withdraw his guilty plea.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**January 24, 2012
Charleston, South Carolina**